UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DESTENY ALEXANDER, DAMARIS MAYORGA, and EDWARD PRESCOTT, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>   -against-<br><br>MHF MGMT II LLC, MHF MGMT, LLC, MHF MGMT I LLC, MHF MGMT III LLC, MHF SURF LLC, MHF RALPH LLC, MHF 86 LLC, MHF 79 LLC, MHF 5TH AVE LLC, MHF PITKIN LLC, MHF MONTICELLO LLC, MHF CHESTER LLC, MHF NEW WINDSOR LLC, MHF CATSKILL LLC, MHF ELLENVILLE LLC, ASHISH PARIKH, AMISH PARIKH, SACHIN SHAH, and SHASHIN PARIKH,<br><br>                Defendants. | No: 25 Civ. 3161 (AMD)(JAM) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

**BOUKLAS GAYLORD LLP**
Mark Gaylord
James Bouklas
357 Veterans Memorial Highway
Commack, New York 11725
Telephone: (516) 742-4949

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ............................................................................... 1

II.    PLAINTIFFS' SECOND AMENDED COMPLAINT .................................................. 2

    A.    Allegations that the Individual Defendants were Plaintiffs' "Employers" ................. 2

    B.    Allegations Regarding Defendants' Failure to Provide Time of Hire Wage Notices .. 4

III.    LEGAL STANDARD ........................................................................................... 5

    A.    Fed. R. Civ. P. 12(b)(6) ..................................................................................... 5

    B.    Fed. R. Civ. P. 12(b)(1) ..................................................................................... 5

    C.    Standard for "Employer" under FLSA and NYLL ..................................................... 6

IV.    ARGUMENT ...................................................................................................... 7

    A.    Plaintiffs' SAC Adequately Pleads that the Individual Defendants are "Employers" 7

        1.    Defendants' caselaw does not support dismissal of the Individual Defendants. ..... 9

    B.    Plaintiffs' Allegations of Joint Employment Requires Discovery ............................. 11

    C.    Article III Standing is Adequately Alleged ................................................................. 12

V.    CONCLUSION .................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009)...................................................................5

Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132 (2d Cir. 2007)....................................6

Bautista v. PR Gramercy Square Condo., 642 F. Supp. 3d 411 (S.D.N.Y. 2022)....................11

Baystate Alt. Staffing, Inc. v. Herman, 163 F.3d 668 (1st Cir. 1998) ......................................9

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)..................................................................5

Bernecki v. Overdrive Espresso LLC, 2026 WL 350816 (N.D.N.Y. Feb. 9, 2026).................13

Boire v. Greyhound Corp., 376 U.S. 473 (1964) ...................................................................11

Bravo v. Established Burger One, LLC, 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) ............10

Brown v. Daikin Am. Inc., 756 F.3d 219 (2d Cir. 2014)........................................................11

Castillo v. Albert Einstein Coll. of Med. Inc., 2025 WL 692124 (S.D.N.Y. Mar. 4, 2025).....11

Castillo v. Hollis Delicatessen Corp., 2024 WL 4107258 (E.D.N.Y. Sept. 6, 2024)...............14

Carter v. Duchess Community College, 735 F.2d 8 (2d Cir. 1984) ..........................................7

Collison v. WANDRD, LLC, 737 F. Supp. 3d 231 (S.D.N.Y. 2024) .......................................9

Ding v. Mask Pot, 2022 WL 4647847 (E.D.N.Y. Oct. 1, 2022).............................................10

Ethelberth v. Choice Sec. Co., 91 F. Supp. 3d 339 (E.D.N.Y. 2015)........................................6

Falk v. Brennan, 414 U.S. 190 (1973) ...................................................................................6

Fangrui Huang v. GW of Flushing I, Inc., 2019 WL 145528 (E.D.N.Y. Jan. 9, 2019)..............5

Feng v. Kelai Corp., 727 F. Supp. 3d 423 (S.D.N.Y. 2024).....................................................10

Garcia v. Three Decker Rest., Ltd., 2024 WL 1311897 (S.D.N.Y. Mar. 27, 2024) .................10

Guthrie v. Rainbow Fencing Inc., 113 F.4th 300 (2d Cir. 2024)..............................................12

Henry v. Nannys for Grannys Inc., 86 F. Supp. 3d 155 (E.D.N.Y. 2015)..................................5

Herman v. RSR Sec. Serv. Ltd., 172 F.3d 132 (2d Cir. 1999) .............................................6, 9

Hong v. Mito Asian Fusion, Inc., 2021 WL 5409267 (E.D.N.Y. Aug. 9, 2021) ........................8

Irizarry v. Catsimatidis, 722 F.3d 99 (2d Cir. 2013) ...........................................................7, 9

Kaur v. Natasha Accessories Ltd., 2024 WL 3429129 (S.D.N.Y. July 16, 2024)....................14

Lambert v. New Start Cap. LLC, 799 F. Supp. 3d 258 (S.D.N.Y. 2025) ...................................6

Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299 (11th Cir. 2013) ............................9

Lawrence v. Int'l Bus. Mach. Corp., 2017 WL 3278917 (S.D.N.Y. Aug. 1, 2017) .................11

MacIntyre v. Moore, 335 F. Supp. 3d 402 (W.D.N.Y. 2018) .....................................................6

Maldonado Juarez v. Butterfield Catering Inc., 2020 WL 6945944 (S.D.N.Y. Nov. 25, 2020) 9

Mendez v. U.S. Nonwovens Corp., 2 F. Supp. 3d 442 (E.D.N.Y. 2014) ...............................7, 9

Moran v. John J. Picone, Inc., 2025 WL 2783596 (E.D.N.Y. Sept. 30, 2025)..........................13

Ramirez v. Riverbay Corp., 35 F. Supp. 3d 513 (S.D.N.Y. 2014) .............................................6

Ramos v. Guaba Deli Grocery Corp., 2021 WL 5563714 (S.D.N.Y. Nov. 29, 2021)..............10

Reyes v. Sofia Fabulous Pizza Corp., 2014 WL 12768922 (S.D.N.Y. Apr. 7, 2014) ................5

Romero v. Bestcare, Inc., 2017 WL 9485665 (E.D.N.Y. Feb. 8, 2017)......................................5

Romero v. Garner Env't Servs., Inc., 2025 WL 3638397 (S.D.N.Y. Dec. 15, 2025).........13, 14

Rueda v. A & G Iron Works Corp., 2026 WL 183692 (E.D.N.Y. Jan. 23, 2026).................5, 13

Sanchez Juarez v. 156-40 Grill LLC, 2023 WL 12096468 (E.D.N.Y. Mar. 31, 2023) ..............6

Solis v. ZEP LLC, 2020 WL 1439744 (S.D.N.Y. Mar. 24, 2020)...............................................6

Stewart v. Hudson Hall LLC, 2020 WL 8732875 (S.D.N.Y. Oct. 19, 2020)...........................10

Torres Ibarra v. W&L Grp. Constr. Inc., 2019 WL 5863951 (E.D.N.Y. Nov. 8, 2019) ...........10

Turkmen v. Ashcroft, 589 F.3d 542 (2d Cir. 2009) .....................................................................5

Winfield v. Babylon Beauty Sch. of Smithtown Inc., 89 F. Supp. 3d 556 (E.D.N.Y. 2015) .....8

**Statutes & Rules**

Fair Labor Standards Act, 29 U.S.C. § 201 et seq. .............................................................1, 6

New York Labor Law § 195(1) ...............................................................................................2, 12

New York City Fair Workweek Law.............................................................................................1

Fed. R. Civ. P. 12(b)(1) ...............................................................................................................5

Fed. R. Civ. P. 12(b)(6) ............................................................................................................1, 5

iii

## I.    PRELIMINARY STATEMENT

Before the Court is the Individual Defendants'[1] request to be dismissed from Plaintiffs' Second Amended Complaint ("SAC") based on alleged pleading deficiencies. The Individual Defendants' flawed argument focuses on whether they, as owners and operators of at least 24 Taco Bell restaurants in New York, are liable for wage violations committed against Fast Food Workers under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL") and New York City Fair Workweek Law ("FWWL"). Despite their contentions, the SAC does far more than recite legal standards — it pleads specific facts demonstrating that the Individual Defendants owned, controlled, and exercised operational authority over a unified enterprise employing Plaintiffs. Unlike the great majority of statutes, the FLSA, NYLL and FWWL specifically provide for individual liability, due to the serious nature of unpaid wages and thereby allows plaintiffs to recover against individuals, should the corporations not be solvent.

In opposing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs need only allege that relief is plausible, allowing the Court to draw a reasonable inference that the Individual Defendants are liable. Accepting as true all factual allegations in the SAC and drawing all reasonable inferences in Plaintiffs' favor, the SAC meets the requisite pleading requirements. In part, the SAC cites official filings with regulatory bodies in New York and New Jersey where the Individual Defendants have held themselves out as managers, members, and principals of the Corporate Defendants, as well as evidence that they had the authority to sign documents and enter

---

[1] Ashish Parikh, Amish Parikh, Sachin Shah, and Shashin Parikh (collectively, "Individual Defendants")

into agreements on behalf of the Corporate Defendants. These allegations independently support employer liability and, at minimum, render dismissal premature.

In addition, the Individual Defendants seek dismissal of Plaintiffs' NYLL § 195(1) Wage Theft Prevention Act ("WTPA") claim that Defendants failed to provide proper time of hire wage notices. The Individual Defendants' argument that Plaintiffs failed to meet the Article III standing requirements for their wage notice claim is without merit. The SAC alleges with specificity that, as a result of Defendants' failure to provide wage notices, (1) they were uninformed about the correct wages they were supposed to earn; (2) this deprivation was a direct cause for their economic injury, and in fact, resulted in their wages being underpaid; (3) allowed Defendants to continue their unlawful wage and hour scheme without Plaintiffs' awareness that they were being underpaid; and (4) prevented Plaintiffs from avoiding underpayment of their wages. Courts routinely find similar allegations sufficient for the purposes of Article III.

As fully examined below, Plaintiffs respectfully request that the Individual Defendants' Motion be denied in its entirety.

## II.   PLAINTIFFS' SECOND AMENDED COMPLAINT

### A.   Allegations that the Individual Defendants were Plaintiffs' "Employers"

On January 15, 2026, Plaintiffs filed the SAC. Dkt. No. 65, the Second Amended Complaint ("SAC"). The SAC alleges that, as part of a single integrated enterprise, the Individual Defendants and 15 limited liability entities ("Corporate Defendants") (collectively with Individual Defendants "Defendants") jointly employed Plaintiffs. Plaintiffs allege that the Defendants maintained substantial control over their working conditions and the policies at issue. *Id*. at ¶¶36–37. The SAC further alleges that Defendants' operations were interrelated and unified, that they shared common upper management, and that the enterprise was centrally controlled and owned by

2

the Individual Defendants. *Id.* ¶¶38–40. Critically, the SAC alleges that Defendants centrally controlled labor relations across the Taco Bell locations, including policies governing payroll, scheduling, and other employment practices. *Id.* ¶41.

With respect to the Individual Defendants, the SAC sets forth allegations that these individuals own and operate the restaurants and related Corporate Defendants together. *Id*. at ¶¶ 36–41, 184, 199, 212, 225. The Individual Defendants are alleged to have direct and significant management roles at their Taco Bell locations. *Id*. at 189–196, 202–209, 215–222, 228–235. Each Individual Defendant is alleged to make determinations as to hiring and firing of employees. *Id*. at ¶¶ 189, 202, 215, 228. Each Individual Defendant is alleged to have direct and significant management roles at the restaurant, including being actively involved in managing day to day operations. *Id*. at ¶¶ 191, 204, 217, 230. Each Individual Defendant has the power to stop any and all illegal pay practices that affect Plaintiffs and other Fast Food Workers (*Id*. at ¶¶ 192, 205, 218, 231), they have the power to transfer assets and liabilities of the corporate defendants (*Id*. at ¶¶ 193, 206, 219, 232), the power to declare bankruptcy for the corporate entities (*Id*. at ¶¶ 194, 207, 220, 233), the power to enter into contracts on behalf of the corporate entities (*Id*. at ¶¶ 195, 208, 221, 234), and ultimately, the power to close, shut down, or sell the restaurants and corporate entities (*Id*. at ¶¶ 196, 209, 222, 235).

Importantly, Plaintiffs' SAC cites official filings with various government organizations where the Individual Defendants have held themselves out as having control over the Corporate Defendants. In that regard, the Individual Defendants are identified as the "Member/Manager" of Defendant MHF MGMT II, LLC with the New Jersey Department of Treasury. *Id*. at ¶¶ 186, 200, 213, 226. Each Individual Defendant is also listed as the "Principal," on the active New York State Liquor License for Defendant MHF Surf LLC. *Id*. at ¶¶ 188, 201, 214, 227. On May 21, 2019,

3

Individual Defendant Ashish Parikh attested to the New Jersey Department of Treasury that he is "authorized to sign" the Certificate of Amendment of Formation on behalf of MHF MGMT, LLC. *Id*. at ¶ 187. Sachin Shah signed a lease assumption on behalf of MHF MGMT II, LLC in 2021. *Id*. at ¶ 221.

**B.    Allegations Regarding Defendants' Failure to Provide Time of Hire Wage Notices**

Plaintiffs allege that Defendants failed to provide them with **any** time of hire wage notices required by the NYLL § 195(1). *Id*. at ¶¶ 10, 381. Fast Food Workers, including Plaintiffs, rely on their wage notices to ensure that employers have paid them correctly for the hours they worked. *Id*. at ¶ 11. Due to Defendants' failure to provide Plaintiffs and other Fast Food Workers with notices reflecting their rates of pay, Plaintiffs and other Fast Food Workers were uninformed about the correct wages they were supposed to earn, and thus they were deprived of information necessary for reviewing their wages, which was a direct cause for their economic injury, and in fact, resulted in their wages being underpaid. *Id*. at ¶¶ 12, 382. Defendants' failure to provide **any** wage notices allowed Defendants to continue their unlawful wage and hour scheme without Plaintiffs' and other Fast Food Workers' awareness that they were being underpaid. *Id*. at ¶ 13. Had Plaintiffs and other Fast Food Workers been able to see that they were not being lawfully paid via their wage notices and wage statements, they would have been able to avoid underpayment of their wages. *Id*. at ¶ 14.

Ultimately, Defendants' failure to provide wage notices resulted in Plaintiffs and other Fast Food Workers being misinformed and/or un-informed about the actual wages they earned. *Id*. at ¶ 337. As a result, Plaintiffs were deprived of the information necessary to review their wages earned, which was a direct cause for the economic injury and underpayment raised in the SAC. *Id*.

4

### III.    LEGAL STANDARD

#### A.  Fed. R. Civ. P. 12(b)(6)

In considering a Fed. R. Civ. P. 12(b)(6) challenge, "'a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.'" *Romero v. Bestcare, Inc.*, No. CV 15-7397 (JS)(GRB), 2017 WL 9485665, at *1 (E.D.N.Y. Feb. 8, 2017) (quoting *Henry v. Nannys for Grannys Inc.*, 86 F. Supp. 3d 155, 157 (E.D.N.Y. 2015)). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

#### B.  Fed. R. Civ. P. 12(b)(1)

"To survive a motion to dismiss for lack of standing, the 'plaintiff must allege 'facts that affirmatively and plausibly suggest that it has standing to sue.'" *Fangrui Huang v. GW of Flushing I, Inc.*, No. 17-CV-3181 (PKC)(JO), 2019 WL 145528, at *2 (E.D.N.Y. Jan. 9, 2019) (quoting *Reyes v. Sofia Fabulous Pizza Corp.*, No. 13-CV-7549 (LAK)(JCF), 2014 WL 12768922, at *2 (S.D.N.Y. Apr. 7, 2014), *report and recommendation adopted*, 2014 WL 1744254 (S.D.N.Y. Apr. 24, 2014)). "The Second Circuit has clarified that a plaintiff seeking statutory damages for WTPA notice/statement violations in federal court must allege a concrete injury causally linked to the missing or inaccurate notices." *Rueda v. A & G Iron Works Corp*, No. 1:25-CV-1791 (MKB), 2026 WL 183692, at *12 (E.D.N.Y. Jan. 23, 2026) (citing *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308 (2d Cir. 2024)).

### C. Standard for "Employer" under FLSA and NYLL

"[E]mployment for FLSA purposes [is] a flexible concept ... determined on a case-by-case basis by review of the totality of the circumstances." *Barfield v. N.Y.C. Health and Hospitals Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2007).[2] "The Supreme Court has emphasized the 'expansiveness' of the FLSA's definition of employer." *Herman v. RSR Sec. Serv. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Falk v. Brennan*, 414 U.S. 190, 195 (1973)).

"The Second Circuit has identified two considerations to provide guidance as to whether a defendant qualifies as an employer under the FLSA." *Lambert v. New Start Cap. LLC*, 799 F. Supp. 3d 258, 288 (S.D.N.Y. 2025). The first consideration focuses on "the operational control exerted over employment and the individual's **potential power, even if not exercised**, over the employees." *Solis v. ZEP LLC,* 2020 WL 1439744, at *7 (S.D.N.Y. Mar. 24, 2020) (emphasis added). To determine operational control, "…the Court examines whether the individual exercised authority over management, supervision, and oversight of the employer's affairs in general." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 352 (E.D.N.Y. 2015). "[D]irect contact between the alleged FLSA employer and the plaintiff employees is not required." *MacIntyre v. Moore*, 335 F. Supp. 3d 402, 425–26 (W.D.N.Y. 2018). "[O]perational control of the company's employment of the plaintiff employees 'does not mean that the individual 'employer' must be responsible for managing plaintiff employees—or, indeed, that he or she must have directly come into contact with the plaintiffs, their workplaces, or their schedules ....'" *Ramirez v. Riverbay Corp.*, 35 F. Supp. 3d 513, 533 n.3 (S.D.N.Y. 2014) (quoting *Irizarry v. Catsimatidis,* 722 F.3d 99, 110 (2d Cir.2013)).

---

[2] "Because the NYLL and FLSA definitions of 'employer' are nearly identical, '[d]istrict courts in this Circuit have interpreted the definition of employer under the New York Labor Law coextensively with the definition used by the FLSA.'" *Sanchez Juarez v. 156-40 Grill LLC*, No. 15-CV-5081 (CBA) (LGD), 2023 WL 12096468, at *9 (E.D.N.Y. Mar. 31, 2023), *aff'd sub nom. Sanchez Juarez v. Siderakis*, No. 23-7972, 2024 WL 5135383 (2d Cir. Dec. 17, 2024) (quoting *Teri v. Spinelli*, 980 F. Supp. 2d 366, 375 (E.D.N.Y. 2013))

"Further, the Second Circuit has found that the FLSA does not 'require[ ] an individual to have been personally complicit in FLSA violations; the broad remedial purposes behind the statute counsel against such a requirement.'" *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 458 (E.D.N.Y. 2014) (quoting *Irizarry,* 722 F.3d at 110)).

"The second inquiry is as to evidence of the defendant's 'direct control' over the plaintiff employees. In this stage of the analysis, the Court considers the factors articulated in *Carter v. Duchess Community College*: '[W]hether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Lambert*, 799 F. Supp. 3d at 288–89 (quoting *Carter v. Duchess Community College* 735 F.2d 8, 12 (2d Cir. 1984)). The four-factor test is intentionally "nonexclusive and overlapping" in order to ensure the economic reality test is sufficiently comprehensive and flexible in line with the broad language of the FLSA. *Irizarry*, 722 F.3d at 105.

## IV.    ARGUMENT

### A.  Plaintiffs' SAC Adequately Pleads that the Individual Defendants are "Employers"

In addition to outlining the direct control the Individual Defendants maintained over Plaintiffs, the SAC provides direct factual support that the Individual Defendants maintained operational control over Plaintiffs. In that regard, the SAC cites to official filings with New York and New Jersey where the Individual Defendants have held themselves out as managers, members, and principals of the Corporate Defendants. Dkt. No. 65, SAC at 186, 200, 213, 226. The SAC also provides factual support that the Individual Defendants had the authority to sign documents and enter into agreements on behalf of the Corporate Defendants. *Id*. at ¶¶ 187, 221. These allegations allow the Court to draw the reasonable inference that the Individual Defendants

7

demonstrate operational control over Plaintiffs for the purposes of a pre-discovery motion to dismiss, even if not all *Carter* factors are alleged or even if they are vague in nature. *See Winfield v. Babylon Beauty Sch. of Smithtown Inc.*, 89 F. Supp. 3d 556, 569 (E.D.N.Y. 2015) (denying motion to dismiss individual liability even where allegations "are somewhat vague" and noting that "at this early stage of the litigation" the allegations are sufficient for operational control).

Considering the Individual Defendants have held themselves out as owners of the restaurants at issue, courts have found similar evidence persuasive in finding an employer-employee relationship at the pleading stage. In that regard, "courts have found that ownership in a closely held corporation strongly suggests an employer-employee relationship under the FLSA." *Hong v. Mito Asian Fusion, Inc.*, No. 19CV3149EKTAM, 2021 WL 5409267, at *3 (E.D.N.Y. Aug. 9, 2021); *see also Hong v. Mito Asian Fusion, Inc.,* No. 19CV3149EKTAM, 2021 WL 5409267, at *3 (E.D.N.Y. Aug. 9, 2021) ("…overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.")(citation omitted).

In *Irizarry*, the Second Circuit considered a similar set of facts in which the individual defendant Catsmatidis "possesse[d], but rarely exercise[d], the power to hire or fire anyone he chooses." 722 F.3d at 114. Rather, in practice, Catsmatidis would typically delegate hiring and firing duties, though his supervisees might inform him of their decisions as a courtesy. *Id*. The court found that such hiring and firing power was "a strong indication of control" over his company. *Id*. at 114, 116 (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 140 (2d Cir. 1999).

Like here, the Individual Defendants are a sophisticated operation encompassing at least 13 restaurants in New York that were not running themselves – of course these owners had the power to hire and fire supervisors, contract with the Taco Bell franchisor, and enter into leases.

While "individuals ordinarily are shielded from personal liability when they do business in a corporate form, and that it should not lightly be inferred that Congress intended to disregard this shield in the context of the FLSA…" (*Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 677 (1st Cir.1998)), it is also true that "[t]he FLSA contemplates at least some individual liability, and it is consistent with Congress's intent to impose liability upon those who control a corporation's financial affairs and can cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013); *see also*, *Mendez*, 2 F. Supp. 3d at 458 (quoting *Irizarry,* 722 F.3d at 110) ("Of importance, 'the remedial nature of the [FLSA] ... warrants an expansive interpretation of its provisions so that they will have the widest possible impact in the national economy.'").

Accordingly, the SAC cites to evidence making it facially plausible that Defendants maintained the requisite control over Plaintiffs allowing the Court to draw a reasonable inference that the Individual Defendants were Plaintiffs' employers.

### 1. Defendants' caselaw does not support dismissal of the Individual Defendants.

Defendants primarily rely on caselaw where the pleadings lacked any additional factual support beyond speculative allegations, whereas the SAC provides more robust allegations as well as citations to factual support. Defendants cite *Collison v. WANDRD, LLC*, 737 F. Supp. 3d 231, 236 (S.D.N.Y. 2024), which dismissed the complaint as to plaintiffs' "manager and supervisor" where allegations of operational control were based on "information and belief" and with no evidence cited that individual defendant had ownership interest in corporate defendant. The *Collison* Plaintiffs subsequently amended their complaint with additional allegations against the individual defendant, with no dismissal of that amended complaint, ultimately leading to judgment against defendants, including individual defendant. Similarly, in *Maldonado Juarez v. Butterfield*

*Catering Inc.*, No. 20-CV-4537 (LJL), 2020 WL 6945944, at *4 (S.D.N.Y. Nov. 25, 2020), and unlike the instant matter, the complaint lacked allegations of operational control. *See, also, Bravo v. Established Burger One, LLC*, No. 12 CIV. 9044 CM, 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (plaintiffs provided no factual allegations that the individual defendant exercised operational control).

Defendants' reliance upon *Torres Ibarra v. W&L Grp. Constr. Inc.*, No. 1:19-CV-01582 (AMD) (SMG), 2019 WL 5863951, at *2 (E.D.N.Y. Nov. 8, 2019) is an oversight, at best, and deeply misleading, at worst. The complaint in *Ibarra* was dismissed in its entirety as to the **corporate** defendant, not an individual defendant, because the complaint was barebones in nature, "includ[ing] no factual detail about what they did; they do not identify any project location or work assignment, or describe their individual job responsibilities or day-to-day tasks. They do not identify a single employment policy, name any individual supervisor, or allege when and how they were paid." *Id*. Indeed, the *Ibarra* plaintiffs only factual allegations were that they were "'subject to the control, policies and procedures of [the] defendants,' and that the '[d]efendants monitored [their] compliance with its guidelines, procedures, and policies by ... reviewing' and evaluating their work." *Id*. This is in stark contrast to the meticulously detailed SAC in this matter, as noted *supra*. The plaintiffs in *Ibarra* subsequently amended their complaint to include such standard allegations, and the *Ibarra* court properly denied the defendants' subsequent motion to dismiss.

Similarly, Defendants' reliance on both *Ding v. Mask Pot*, No. 20-CV-06076 (LDH), 2022 WL 4647847 (E.D.N.Y. Oct. 1, 2022) (dismissing corporate defendant associated with restaurant plaintiff did not alleged he worked at and the individual defendant who was allegedly with the dismissed corporation during plaintiff's employment) and *Stewart v. Hudson Hall LLC*, No. 20CIV885PGGSLC, 2020 WL 8732875, at *1 (S.D.N.Y. Oct. 19, 2020), *report and*

10

*recommendation adopted*, No. 20CIV885PGGSLC, 2021 WL 735244 (S.D.N.Y. Feb. 24, 2021) (dismissing two subsidiary **corporate** Defendants) is grossly misplaced, and of no legal significance here.

Moreover, while the Individual Defendants attempt to discredit the SAC's citations to corporate filings with various states and lease assumptions, much of the Individual Defendants' support for their arguments rely on a higher burden of proof. *See e.g.*, *Garcia v. Three Decker Rest., Ltd.*, No. 22 CIV. 01387 (CM), 2024 WL 1311897, at *4 (S.D.N.Y. Mar. 27, 2024) (on a motion for summary judgment plaintiff relied solely on liquor license to establish individual defendant was employer); *Feng v. Kelai Corp.*, 727 F. Supp. 3d 423, 441 (S.D.N.Y. 2024), *appeal dismissed* (June 13, 2024) (default motion requiring preponderance of evidence that defendants were employers); *Ramos v. Guaba Deli Grocery Corp*, No. 20-CV-4904 (PAE) (JLC), 2021 WL 5563714, at *6 (S.D.N.Y. Nov. 29, 2021) (motion for summary judgment).

Here, the SAC, when taken as a whole, meets the plausibility standard for the Individual Defendants' individual liability.

### B. Plaintiffs' Allegations of Joint Employment Requires Discovery

As outlined *supra*, the allegations in the SAC plausibly establish that Defendants were joint employers operating a single integrated enterprise that employed Plaintiffs. In that regard the SAC's allegations make it clear that the Corporate Defendants functioned as a single integrated enterprise under common ownership and control, and that the Individual Defendants exercised operational authority across the enterprise sufficient to support employer liability. "As the Second Circuit has repeatedly stated, joint employment status is 'a question of fact not suitable to resolution on a motion to dismiss.'" *Castillo v. Albert Einstein Coll. of Med. Inc.*, No. 24 CIV. 984, 2025 WL 692124, at *4 (S.D.N.Y. Mar. 4, 2025) (quoting *Brown v. Daikin Am. Inc.*, 756 F.3d 219,

11

226 (2d Cir. 2014); *see also Bautista v. PR Gramercy Square Condo.*, 642 F. Supp. 3d 411, 422 (S.D.N.Y. 2022) (joint employment status is "essentially a factual issue" that "is not suitable to resolution on a motion to dismiss" (citation omitted)).

As Plaintiffs have adequately met the pleading requirements, this factual issue "require[s] discovery to resolve." *Castillo*, 2025 WL 692124, at *5 (citing *Lawrence v. Int'l Bus. Mach. Corp.*, No. 12 Civ. 8433, 2017 WL 3278917, at *6 (S.D.N.Y. Aug. 1, 2017); *see Bautista*, 642 F. Supp. 3d at 422 ("[D]etermining joint employment status is 'essentially a factual issue,' that, like determining single employer status, is not suitable to resolution on a motion to dismiss.'") (quoting *Boire v. Greyhound Corp.*, 376 U.S. 473, 481 (1964)). It should also be noted that, prior to the Individual Defendants filing this motion to dismiss, Plaintiffs served Individual Defendants with discovery demands and interrogatories that sought information as to the ownership and operational control of the work of Plaintiffs and the putative class.  Here, individual defendants requested a stay of discovery based upon their impending motion to dismiss.  This request was denied by Judge Marutollo. Plaintiffs and counsel for Individual Defendants have subsequently met and conferred multiple times and, as a result, the Individual Defendants have agreed to produce discovery related to their status as employers. Exhibit A, Emails.  Following the close of discovery, the Individual Defendants may move for summary judgment based on a complete factual record

## C. Article III Standing is Adequately Alleged

The Individual Defendants argue that Plaintiffs lack standing to bring their wage notice claims under NYLL § 195(1). This argument ignores the Second Circuit's recent guidance in *Guthrie* which held that a plaintiff has standing where they show "… show some causal connection between the lack of accurate notices and the downstream harm.[]" *Guthrie*, 113 F.4th at 304-05. At the same time, the Second Circuit made clear that the burden should not be high, pointing out

12

that certain district courts "have imposed too high a burden on plaintiffs-employees." *Id*. at 309. Following *Guthrie*, many district courts have denied similar motions to dismiss.

As outlined *supra*, Plaintiffs allege that as a result of Defendants' failure to provide wage notices, (1) they were uninformed about the correct wages they were supposed to earn; (2) this deprivation was a direct cause for their economic injury, and in fact, resulted in their wages being underpaid; (3) allowed Defendants to continue their unlawful wage and hour scheme without Plaintiffs' awareness that they were being underpaid; and (4) prevented Plaintiffs from avoiding underpayment of their wages. Ultimately these WTPA violations were not merely a breach of the statutes but prevented Plaintiffs from verifying they were compensated properly and directly related to the wage violations in the SAC.

Post *Guthrie* Courts have found similar allegations sufficient to meet the standing requirements of Article III. *See Bernecki v. Overdrive Espresso LLC*, No. 6:25-CV-74, 2026 WL 350816, at *9 (N.D.N.Y. Feb. 9, 2026) (denying defendants' motion to dismiss plaintiffs' WTPA claims where plaintiffs' alleged that "plaintiffs have been harmed by this willful failure to provide notices because it concealed Defendants' improper conduct and delayed Plaintiffs' realization that Defendants were stealing wages."); *Rueda*, 2026 WL 183692, at *12 (finding standing where plaintiff alleged "proper notices would have allowed him to "identif[y] the underpayments and rais[e] complaints earlier.'"); *Romero v. Garner Env't Servs., Inc.*, No. 25-CV-06912 (LJL), 2025 WL 3638397, at *7 (S.D.N.Y. Dec. 15, 2025) ("Plaintiffs' allegations satisfy the *Guthrie* standard. Each Plaintiff alleges that as a result of Defendants' failure to provide wage notices and accurate wage statements, 'he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.'"); *Moran v. John J. Picone, Inc.*, No. 24-CV-4095 (NRM)

13

(AYS), 2025 WL 2783596, at \*8 (E.D.N.Y. Sept. 30, 2025) ("Plaintiff's Amended Complaint easily meets the standing requirement articulated in *Guthrie*" where plaintiff plead that "Defendants' failure to provide accurate notices [] not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in [the] continued practice of paying Plaintiff less[.]").

As this Court noted in adopting a report and recommendation,

> As Judge Kuo correctly reasoned in the Report and Recommendation, the plaintiff has standing for her wage notice and wage statement violations because the plaintiff has shown a causal connection between the lack of accurate notices from the defendants and downstream harm. The plaintiff alleges that the defendants "were able to hide their violations of wage and hour laws and take advantage of Plaintiff's relative lack of sophistication by failing to provide her with wage information." (ECF No. 34 at 14–15 (citing ECF No. 21 ¶ 61).) *See Kaur v. Natasha Accessories Ltd.*, No. 23-CV-6948, 2024 WL 3429129, at \*4 (S.D.N.Y. July 16, 2024)

*Castillo v. Hollis Delicatessen Corp.*, No. 22-CV-5476 (AMD) (PK), 2024 WL 4107258, at n.1 (E.D.N.Y. Sept. 6, 2024).

Plaintiffs' allegations are not based on mere speculation but rather the actual harm Plaintiffs experienced. This failure to provide wage notices outlining the pay Plaintiffs were entitled to were omissions that allowed Defendants to hide their violations of law. Importantly, Plaintiffs specifically plead that, had Plaintiffs been able to see that they were not being lawfully paid via their wage notices and wage statements, **they would have been able to avoid the underpayment of their wages.** "Putting those allegations together, it is plausible that, as a result of Defendants' failure to provide accurate wage notices [], Plaintiffs were unable to discover the existence and magnitude of Defendants' violations of the NYLL and thus unable to obtain proper payment for all of their hours worked." *Romero*, 2025 WL 3638397, at \*7.

Accordingly, as the SAC properly alleges the downstream harm caused by Defendants' failure to provide wage notices, the Individual Defendants' attempt to dismiss this claim should be denied.

## V.      CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Individual Defendants' motion be denied in its entirety.

Dated: February 27, 2026
          New York, New York

Respectfully submitted,


/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

**BOUKLAS GAYLORD LLP**
Mark Gaylord
James Bouklas
357 Veterans Memorial Highway
Commack, New York 11725
Telephone: (516) 742-4949

*Attorneys for Plaintiffs and*
*the Putative Class and Collective*

15

**CERTIFICATE OF SERVICE**

I, Brian S. Schaffer, an attorney duly admitted to practice before this Court, certifies that on February 27, 2026, he caused the preceding Memorandum of Law to be filed and served via ECF upon all counsels of record.

*/s/ Brian S. Schaffer*
Brian S. Schaffer