

28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

April 27, 2026

**VIA ECF**
Honorable Joseph A. Marutollo, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

### Re: *Alexander et al. v. MHF MGMT II, LLC*, No. 25 Civ. 03161

Dear Judge Marutollo,

We represent Plaintiffs in the above-referenced matter. Plaintiffs respectfully request that the Court compel Defendants to produce outstanding documents necessary for the adjudication of this matter. Defendants' position is included herein.

### Plaintiffs' Position

On February 10, 2026, Defendants agreed to produce payroll, clock in/out, schedules, time of hire notices and written notice of termination for a random sample of 5-10 employees per store.[1] On February 25, 2026, Defendants' Counsel relayed that the corporate Defendants agreed to produce the documents for 7 employees at each of Defendants' 24 stores (for a total of 168 employees).

On March 3, 2026, Defendants sent Plaintiffs an updated class list. On March 4, 2026, the parties held a video conference during which they finalized a sample group of 168 prospective class members. Defendants indicated they would begin production as soon as possible.

On March 10, 2026, Plaintiffs' Counsel followed up regarding what documents would and would not be produced and an estimated timeline for production.

Following the March 11, 2026, Settlement Conference, Plaintiffs' Counsel emailed Defendants' Counsel a list of requested financials. Specifically, the March 11, 2026, email requested the following for tax years 2023 and 2024: (i) complete tax returns for all corporate and individual defendants; (ii) any personal financial statements; (iii) any loans, lines of credit or mortgages; (iv) and all correspondence with corporate (Yum Brands) evidencing liquidity, opening new stores, closing stores, etc.

On March 12, 2026, Plaintiffs' Counsel again emailed Defendants' Counsel stating:

---

[1] Plaintiffs will provide the referenced emails between the parties if the Court seeks to review the emails.

Fitapelli & Schaffer, LLP
Page **2** of **5**

Just a heads up, for the March 24th status report, we intend to inform the judge of all outstanding discovery issues. Therefore, we encourage you to start production on a rolling basis. As to the individual discovery, we need to what docs you intend to produce and which you will not produce. From our point of view, the status report would act like a defacto motion to compel. Thanks.

Plaintiffs' Counsel again emailed Defendants' Counsel on March 20, 2026 in regard to Plaintiffs' March 11, 2026 email: "For the record, you have not responded to this e-mail and have provided zero additional docs, including but not limited to the sample we all agreed to, financial docs and discovery pertaining to the individual defendants. Thanks."

On March 24, 2026, the Parties filed a status update indicating that Defendants have not yet produced any of the sample documents as agreed to and critical categories of documents that had been outstanding for months pertaining to the individual defendants, including franchise agreements, licensing agreements, operating agreements, etc. Plaintiffs submitted the status report so the Court was aware of the continuing delays in Defendants' production.

From March 23 to April 15, there was correspondence between defendants and Your Honor regarding representation of the individual defendants.

On April 15, 2026, Defendants produced time and pay records for 147 of the 168 agreed to sample; schedules for 37 of the 168 agreed to sample; as well as a management chart, employee handbook, Paychex agreement, and uniform standards policies. Defendants stated they anticipated making an additional production the following week. The April 15 production contained approximately 11,387 documents. Plaintiffs' Counsel is in the process of beginning to review those documents.

In regard to discovery regarding the Individual Defendants, Defendant has only produced contracts with one vendor, despite prior discussions[2] to produce the following categories of documents: (i) franchise agreements and franchise disclosure documents; (ii) operating agreements; (iii) licenses for the subject restaurants (including liquor licenses); (iv) agreements between vendors and the individual locations and/or management entities relating to payroll, timekeeping, uniforms, work schedules, and health insurance; and (v) raining materials provided to employees, including materials shown to employees and online training for new hires.

On April 23, 2026, at the Settlement Conference, Defendants' Counsel indicated that they have not produced all documents and did not give a date as to when they plan to produce same. Plaintiffs are formally requesting Your Honor compel defendants to produce these documents immediately and/or extend the discovery end-date.

---

[2] On February 13, 2026, counsel for the Individual Defendants informed Plaintiffs' Counsel that they were working with counsel for the Corporate Defendants to produce these categories of documents.

Fitapelli & Schaffer, LLP
Page **3** of **5**

Plaintiffs are at a severe disadvantage if they are forced to take depositions without complete paper discovery, particularly in regard to the discovery pertaining to the Individual Defendants.[3]

Finally, we must point out that all defendants have filed motions to dismiss, which are currently awaiting decision by the District Judge. Since the motions are pending, no defendant has answered the amended complaint. Thus, it is unclear how to proceed with discovery as to affirmative defenses when none have been asserted to date. We seek the Court's guidance regarding this issue as well.

Per Your Honor's rules, the parties met and conferred regarding these issues on April 24, 2026. As of today, April 27, 2026, Defendants have yet to produce any additional documents.

**Defendants' Position**

First, it is Defendants' position that there is no pending discovery dispute. Plaintiffs' motion is made only because the existing fact discovery deadline does not permit enough time for the parties to complete discovery. Defendants have been working diligently to comply with their discovery obligations and to date, have produced over 12,000 pages of documents. Currently, we are working to review and produce several thousand more pages of responsive records and documents. Defendants have not refused to produce documents, but are in the difficult position of trying to complete a discovery process that usually occurs over two to three years as in similar cases in the brief, accelerated discovery schedule of mere months as demanded by the Court. While Defendants are happy and eager to comply with their discovery obligations as the evidence will support Defendants' defenses and settlement position, it has been very difficult to do so in the limited time allowed in light of the mountains of documents that they need to review and the Court's directive to the parties to engage in serious, purposeful settlement discussions while still working to compile, review, and produce the copious amounts of discovery needed in this complex wage-and-hour class action.

As explained during the April 23, 2026 settlement conference, the discovery needed in this class-action lawsuit with a putative class of over 3,529 members is significant and the records requested by Plaintiffs that Defendants have compiled, reviewed, and produced and working to produce, are voluminous. Defendants have devoted a separate team of attorneys and staff to review and compile the responsive documents for production, but this process has been time-consuming and tedious. Production requires manual review and redaction of all documents. For example, we have had to review and redact the work schedules for the 12 NYC locations for the Fair Workweek claims by hand and to date, have reviewed, redacted, and produced over 2,500 pages of responsive work schedules. In conjunction, we have produced the corresponding time and pay records for each of the class sample members. As a second example, we have to compile, review, and redact all of the operating agreements, leases, and other related corporate documents because those documents contain either personal identifying information and confidential business information that is not relevant to the causes of action here, including franchise fees, rents, operating costs, and

---

[3] Plaintiffs initially sent deposition notices for all Defendants on October 21, 2025. On January 13, 2026, Plaintiffs followed up with Defendants regarding dates when the Individual Defendants and 30(b)(6) witnesses would be available for their depositions. Defendants have yet to provide any available dates

Fitapelli & Schaffer, LLP
Page **4** of **5**

monetary information. Similarly, we have compiled, but still need to review and redact several thousand pages of tax returns and other financial documents that Plaintiffs have requested for purposes of settlement discussions.[4]

Defendants are continuing work to produce the relevant, responsive documents to the best of their ability within the discovery schedule issued by the Court. To date, Defendants have produced time and pay records for 152 out of 168 members of the class sample and all available work schedules for the class sample as it is relevant to the Fair Workweek Claims for NYC locations only, and written policies, personnel files, management chart, employee handbook, vendor agreements, liquor license, and other related documents. Defendants are working to complete review and production of the franchise agreements, operating agreements, leases, and rental agreements, which we anticipate will be complete next week. After that, Defendants will turn their attention to the review and production of the several thousand pages of requested tax returns and financial statements, which will be a time-consuming and almost herculean task to complete while also completing depositions, post-examination discovery, and starting the dispositive motion practice process in the coming month. In short, Defendants are at a severe disadvantage for having to choose between burning through funds and resources to push out massive amounts of discovery on an accelerated time-constraint in an effort to comply with the Court's strict discovery deadline and being able to devote those same, limited resources to settling this matter.

Defendants dispute Plaintiffs' characterization of deposition discussions in footnote 3. On February 4, Plaintiffs' counsel emailed defense counsel asking for agreement that depositions would not be going forward until paper discovery is completed and Defendants agreed. The parties have then been in regular communication over the status of paper discovery. On April 24, Plaintiffs' counsel asked for deposition dates for all defense witnesses between May 4 to May 15. Defendants responded that they would discuss and would need dates for named Plaintiffs as well. Plaintiffs have not provided their availability. Coordination of various witnesses and counsel schedules on that limited notice for a two-week period may not be feasible.

Lastly, Defendants share in Plaintiffs' concern as to how discovery can close and dispositive motion practice can begin when no party has answered the operative complaint and asserted affirmative defenses.

Respectfully submitted,

*/s/ Brian S. Schaffer*

Brian S. Schaffer

/s/ Brian Pete

Brian Pete

---

[4] Defendants maintain that these tax returns and financial documents are not relevant to Plaintiffs' claims and would only be produced under Rule 408 as part of settlement discussions.

Fitapelli & Schaffer, LLP
Page **5** of **5**

---

CC:    Counsel of Record (via ECF)